**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

YESSEL CANTILLO-CASTELLANOS,

    Petitioner,

    v.                                                                                  No. 2:26-cv-00093-SMD-GJF

MARKWAYNE MULLIN,[1] *et al.*,

    Respondents.

## <u>ORDER GRANTING MOTION TO DISMISS</u>

THIS MATTER is before the Court on Petitioner's Petition for Writ of Habeas Corpus (Doc. 1), and Respondents' Motion to Dismiss Petition (Doc. 14).  The Court has reviewed the parties' submissions, the record, and the relevant law, and for the reasons set forth below, the Motion to Dismiss Petition is **GRANTED**, and the Petition for Writ of Habeas Corpus is **DENIED** as **MOOT**.

## BACKGROUND

Petitioner Yessel Cantillo Castellanos, a citizen of Cuba, was detained at the Otero County Processing Center while his asylum application was pending.  Doc. 1 at 2.  Petitioner was paroled into the United States on September 29, 2022.  *Id.* ¶ 15.  After the parole expired, Petitioner alleges that the Department of Homeland Security ("DHS") affirmatively permitted him to remain at liberty in the United States.  *Id.* ¶ 17.  Nevertheless, Immigration and Customs Enforcement ("ICE") detained Petitioner pending the asylum application's outcome.  *Id.* ¶ 24.

Respondents subsequently moved to dismiss the Petition, asserting that Petitioner was released from custody on February 25, 2026.  Doc. 14 at 1.  An immigration judge dismissed the

---

[1] Pursuant to Federal Rule of Civil Procedure 25(d), the case caption shall be updated to reflect that Markwayne Mullin is the Secretary of Homeland Security.

underlying removal proceedings against Petitioner after finding Petitioner entitled to admission to the United States. *See* Doc. 14-1. Both parties waived appeal. Doc. 14 at 1. Respondents argue that the Petition should be dismissed as moot due to these changed circumstances, and Petitioner has not submitted a reply in opposition. *Id.* at 2.

## DISCUSSION

"Mootness is a threshold issue because the existence of a live case or controversy is a constitutional prerequisite to federal court jurisdiction." *Disability Law Ctr. v. Millcreek Health Ctr.*, 428 F.3d 992, 996 (10th Cir. 2005) (quoting *McClendon v. City of Albuquerque*, 100 F.3d 863, 867 (10th Cir. 1996)). "Without a live, concrete controversy, we lack jurisdiction to consider claims no matter how meritorious." *Habecker v. Town of Estes Park*, 518 F.3d 1217, 1223 (10th Cir. 2008) (quoting *Mink v. Suthers*, 482 F.3d 1244, 1253 (10th Cir. 2007)).

Section 2241 provides a remedy when a petitioner is "in custody in violation of the Constitution or laws . . . of the United States." 28 U.S.C. § 2241(c)(3). Accordingly, the sole issue before the Court is the constitutional sufficiency of Petitioner's detention. Because Petitioner has been released following the grant of asylum, his claims are now moot, and there remains no further remedy for the Court to grant.

## CONCLUSION

It is hereby **ORDERED** that Respondents' Motion to Dismiss (Doc. 14) is **GRANTED**, and Petitioner's Petitioner for Writ of Habeas Corpus (Doc. 1) is **DENIED** as **MOOT**.

**SARAH M. DAVENPORT**
**UNITED STATES DISTRICT JUDGE**